**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

MAX LEHRMAN,   CASE NO.: 0:19-cv-61791

    Plaintiff,

v.

COUNTY SODA SYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Max Lehrman (the "Plaintiff"), by and through counsel, sues Defendant, County Soda Systems, Inc. (the "Defendant") and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida corporation doing business in Broward County, Florida.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing his duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing his duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from approximately May 2018 to April 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

14. Throughout the Covered Period, the Defendant paid the Plaintiff an hourly rate of $8.50 initially and later $12.50.

15. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

16. Throughout the Covered Period, the Plaintiff worked approximately 1,220 hours of overtime.

17. The Defendant knew or should have known that employees, like the Plaintiff, routinely were required to work overtime in order to accomplish their assigned tasks.

18. The Plaintiff was not compensated for his overtime.

19. Throughout the Covered Period, the Defendant made improper deductions from the Plaintiff's paychecks for equipment required by the Defendant as part of the Plaintiff's duties.

20. Throughout the Covered Period, the Defendant required the Plaintiff to work after hours, off the clock, for which the Plaintiff was not compensated.

21. The Plaintiff is owed approximately $30,000, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)**

22. The Plaintiff realleges and incorporates by reference paragraphs 1–21.

23. Under the FLSA, the Plaintiff was entitled to pay for every hour he worked for the Defendant and for overtime premium compensation of one and one-half times his regular rate of pay, for the hours he worked beyond forty (40) per week for the Defendant.

24. By the above course of conduct, the Defendant violated the FLSA.

25. Upon information and belief, the Defendant's practice of not compensating the Plaintiff overtime was not approved in writing by the United States Department of Labor.

26. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

27. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

28. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

29. Consequently, the Defendant has violated the FLSA willfully.

30. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, his unpaid work off the clock, the wages improperly deducted from his paychecks, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding damages in the amount of his unpaid overtime compensation, his unpaid work off the clock, and the wages improperly deducted from his paychecks pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of his unpaid overtime compensation, his unpaid work off the clock, and the wages improperly deducted from his paychecks pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) awarding fees and costs incurred in this action; and

(e) granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

31. The Plaintiff realleges and incorporates by reference paragraphs 1–21.

32. Unless the Defendant concedes the existence of an express contract covering the labor he performed, the Plaintiff has no adequate remedy at law.

33. The Plaintiff conferred benefits on the Defendant in the form of 1,220 hours of uncompensated overtime labor, unpaid work off the clock, and improper deductions from his paychecks.

34. These benefits conferred by the Plaintiff directly resulted in profits for the Defendant.

35. The Defendant had knowledge of these benefits.

36. The Defendant voluntarily accepted and retained the benefits the Plaintiff conferred.

37. The circumstances are such that it would be inequitable for the Defendant to retain the benefits without paying the value thereof to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

**COUNT III – PUBLIC DISCLOSURE OF PRIVATE FACTS / INVASION OF PRIVACY / HOSTILE WORK ENVIRONMENT**

38. The Plaintiff realleges and incorporates by reference paragraphs 1–21.

39. During the Plaintiff's employment, the Defendant created a hostile atmosphere at the Plaintiff's workplace by repeatedly subjecting the Plaintiff to uninvited and offensive inquiries, comments, and lewd remarks regarding the Plaintiff's father and concerning the Plaintiff's sexual relationships with a non-employee.

40. This had the effect of unreasonably interfering with the Plaintiff's work performance and created an intimidating, hostile, or offensive work environment.

41. During the Plaintiff's employment with the Defendant, the Defendant disclosed

and/or published, to other employees, private facts concerning the Plaintiff's sexual relationships with non-employees.

42. The private facts disclosed by the Defendant were offensive.

43. The private facts disclosed by the Defendant were not of public concern.

44. The Defendant's disclosure of private facts caused the Plaintiff damages.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

## COUNT IV – DEFAMATION

45. The Plaintiff realleges and incorporates by reference paragraphs 1–21.

46. During the Plaintiff's employment, the Defendant created a hostile atmosphere at the Plaintiff's workplace by repeatedly subjecting the Plaintiff to uninvited and offensive inquiries, comments, and lewd remarks regarding the Plaintiff's father and concerning the Plaintiff's sexual relationships with a non-employee.

47. This had the effect of unreasonably interfering with the Plaintiff's work performance and created an intimidating, hostile, or offensive work environment.

48. During the Plaintiff's employment with the Defendant, the Defendant disclosed and published, to other employees, private facts concerning the Plaintiff's sexual relationships with non-employees.

49. The private facts disclosed by the Defendant were false.

50. The Defendant published these false and defamatory statements without reasonable care to determine their falsity.

51. The Defendant's publication of these false and defamatory statements caused the Plaintiff damages.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED July 17, 2019.

Respectfully Submitted By:

Gulisano Law, PLLC
5645 Coral Ridge Drive, Suite 207
Coral Springs, FL 33076
954-947-3972 – office
954-947-3910 – fax
michael@gulisanolaw.com – email

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573